MOWRY RANDALL ET AL *v.* ZELOTES WETHERELL, TOWN
TREASURER OF NORTH PROVIDENCE.

Where a vote of the Town Committee, refusing to pay certain sums due
for teacher's wages, is, upon appeal to the Commissioner of Public
Schools, reversed, said commissioner has no authority to draw an order
upon the Town Treasurer to pay said sums, but must certify his decision
to the Town Committee, requesting them to draw the order required, and,
if they refuse, a mandamus may be granted to compel them to draw the
order.

Application for a mandamus. The application stated
that the applicants, Trustees of School District No. 3, of
North Providence, " did on       day of       A. D.,
1851, employ one Anson H. Cole, as a teacher in said
district, and that on the 8th of January, 1852, there was
justly due to said Cole, as teacher, the sum of $48 12.
That said Trustees also employed one Hannah T. Smith,
as a teacher in said District, and on the 23d of January,
1852, there was justly due to said Hannah, the sum of
$18. That these bills were duly presented to the School
Committee of said town for payment, but said Commit-
tee, Jan. 24th, 1852, by vote refused to allow said bills,
as they were by law bound to do, pretending that they
were not due, and that the district was under no legal
obligation to pay the same."

From this vote of the Committee an appeal was taken
to the Commissioner of Public Schools, who decided
that the bills should be paid and drew an order on the
Town Treasurer to pay out of any money in his office,
standing to the credit of said district, or out of any school
money in his office, said sums to Anson H. Cole and

Randall et al. *v.* Wetherell.

Hannah T. Smith. This order the Town Treasurer refused to comply with.

A rule having been granted for the said Zelotes Wetherbell to appear and show cause why said sums of money had not been paid, and why he should not be commanded by the Court to pay the same.

*Rivers* for the petitioners cited sections 21st, 23d and 65th, of " an act to revise and amend the laws regulating Public Schools," and admitted that the statute gave the Commissioner no direct authority to draw this order, but that the act having given an appeal from the Town Committee, who were competent to draw the order, the appeal to the Commissioner carried with it by implication the incidental power to draw the order of payment.

The Court having intimated that the proper mode of proceeding would have been for the Commissioner to have certified their decision back to the Town Committee, and that upon their refusal to draw an order for the payment of the sums decided to be due, a mandamus might issue to compel them so to do ; the further hearing of the case was postponed, that the Court might ascertain the views which guided the School Commissioner in his proceedings. The Court having conferred with the School Commissioner, their judgment was delivered by

GREENE, C. J., (after stating the case.) The difficulty which the Court experiences in this case, results from the 21st section of " The Act to revise and amend the law regulating Public Schools," which defines the duties of the Town Committee. This section provides that the Town Committee shall draw orders upon the Town Treasurer for the payment of money due, in conformity

with the law; *Provided,* " that the Committee shall not be obliged to give any order until they are satisfied the services have actually been performed for which the money is to be paid." They are to decide when money is due, and, having so decided, to draw an order for its payment. And the 23d section of the same act prescribes, that " The Town Treasurer shall receive the money due from the State Treasury, and shall keep a separate account of all money appropriated by the State, or town, or otherwise, for Public Schools, and *shall pay the same to the order of the School Committee.*" These two sections are exceedingly significant. The first prescribes who shall draw the orders, and the other what orders the Town Treasurer shall be bound to pay. The 65th section of the School Act gives an appeal from the decisions of the School Committee to the Commissioner, whose decision is to be final. But the Commissioner, by this section, has only authority to affirm or reverse the decisions of the Town Committee, but has no authority to draw orders; and any orders drawn by him, are not obligatory upon the Town Treasurer. We think the proper course for him is to adjudicate upon the appeal, and certify his decision to the Town Committee, requesting them to draw the order required, and, if they refuse, a mandamus may be granted to compel them to draw the order.

*Weeden* for defendant.